The opinion of the Court was delivered by
Withers, J.
It is by no means designed to use this occasion to enter upon a laborious discussion of the law of practice, touching the granting of motions to amend pleadings pending the action.
The text books are full of it, and it is a fruitful theme. This is a case in which a party, plaintiff, was allowed a motion to amend (after the trial had been postponed to the next term) his replication to the plea actio non accrevit, &c., to which replication a general demurrer, well founded, had recently before been filed. It is conceded that the general rule refers an amendment of this kind to the discretion, the judicial, official discretion, of the Circuit Court. Than judgments founded upon the exercise of legal discretion, there is no description of official duty more perplexing to the Judge who renders, and the tribunal which reviews, such judgments. The efforts of jurisprudence have always been earnest and diligent, to render its maxims, its standards, precise, fixed, intelligible — to substitute exact prescription for the necessary uncertainties of discretion. So far has the effort fallen short of its aim, that the birth, growth and strength of the great system of Equity is traced to such *433 source. Pleadings are but means to an end, the reduction of a legal contest to a precise single point, that shall render a judgment adequate, efficient and final for the adjustment of the very right of the cause. To this end the kind of discretion now the subject of complaint has been exercised from the time that pleadings were ore terms, to the present day: always more freely and liberally as to pleadings subsequent to the declaration. The very effort to prescribe some general rules, as guides to the exercise of such necessary discretion, has given rise to a mass of decisions-in England, and not a few in our own State, the most recent of which touching the present question, is Goodwin vs. Hannah, (5 Strob. 157,) bringing into observation sundry other of our own cases. In that case the plaintiff, after general demurrer to the declaration, confessed in argument to be well founded, moved and was permitted, upon payment of costs, to amend. The distinction was taken that no judgment had been rendered sustaining the demurrer, nor was the defendant delayed or deprived of any matter of defence touching the merits of his case; though of course he was deprived of the advantage arising out of the omission of the plaintiff to allege a matter material to his legal right, which would have accrued from a judgment sustaining the demurrer. So far the case before us is parallel. The defendant was not delayed, for the cause was continued; nor surprised, for the same reason — his plea of the statute of limitations, as potent as it was when filed, remains, and will work its full effect if unrebutted, and he loses only the advantage which an insufficient replication would have given him, that replication (as the plaintiff admits) being so far ill, that it would (the demurrer being sustained) have swept away, not only a portion of his demands that may be barred, but (as he says) the remainder, also, which is not.
Supposing this to be so, and it may be, the paramount object —i. e. to adjudge the very right between these parties, upon the substantial merits of the contest — will be best attained by the course adopted on the circuit.
*434 One matter of complaint is, that the defendant’s counsel was absent when the motion was granted — the same motion having been refused on a day previous when he was present. The reply to this is, that when first offered, the motion was not entertained because the cause was not yet reached on the call of the docket, and that the motion was finally made at the close of business, as motions usually are; the more appropriately then, it is said, because the case had been continued to .the next term; necessarily then, it is added, if made at all, in such time as to avoid the objection of supineness and surprise on the adverse party.
It is true that it is in the highest degree desirable to hear both sides, on any question of law; and it is equally true, that motions are usually, and for the most part, made at the close of the term, when the juries are discharged; and the presumption may be fair, that counsel will always be present to watch and oppose whatsoever may be objectionable to the parties represented by them; and if not, no objection to what may be lawfully done, can be presumed. We remark only, that we have heard what would have been urged on circuit, and we do not perceive that it should have varied the result. The Court desires it to be understood that in general such a favor as was granted in this instance, should be accompanied with a condition to pay the costs — but we are given to understand that this matter is waived.
The motion is refused.
O’Neall, Wardlaw, Whitwer and Munro, JJ., concurred.
Glover, J., absent at the .argument.
Motion refused.